IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TROY CHEW                                                          PLAINTIFF

V.                                                      NO. 2:11CV005-P-S

CORRECTIONAL CORPORATION OF AMERICA, et. al            DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

On June 28, 2011, the plaintiff, an inmate currently housed in the Tallahatchie County
Correcional Facility, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766
F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed
under to 42 U.S.C. § 1983.

In his complaint, the plaintiff made a claim based on the alleged denial of medical
treatment. Specifically, the plaintiff stated he is a diabetic and is to receive a snack in the
evenings. On the evening of August 13, 2010, the plaintiff had twice requested his diabetic
snack.[1] With no snack forthcoming, the plaintiff began to feel light headed. The plaintiff called
for medical attention. He allegedly "blacked out" and then recalled his cell mate gave him
cookies. Eventually, the plaintiff estimated about an hour and one half after his first snack
request, Nurse Strong arrived. Nurse Strong administered treatment including a finger stick,
medication and provided a snack. The plaintiff admitted he fully recovered after treatment and
that he continues to receive his diabatic snack. Finally, in the complaint the plaintiff claimed that
his repeated requests for a diabetic meal were met with threats of retaliation by prison staff.

**Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a
plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical
needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by

---

[1]     He explained that the entire facility was on "lock down" because of a gang riot weeks
earlier.

the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837. Under this standard, a state actor may not be held liable under § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the plaintiff he has not stated a claim for denial of medical attention. To the extent the claim may be construed as one for delayed medical treatment, it too must fail. An hour and one half delay in receiving a snack for a non-life threatening medical condition cannot meet the standard for deliberate indifference under § 1983. *See Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim)*; Gibson v. Shabazz*, 2005 WL 151396 at *13 (S.D. Tex. June 23, 2005) (noting that claims for delayed medical treatment typically involve "life-threatening situations."); *see also Hardy v. Byrd*, No. 10-40193, 2011 WL 1128971 at *1 (5th Cir. Mar. 28, 2011) (diabetic prisoner plaintiff failed to show the officer was deliberately indifferent by failing to promptly escort him to a housing unit for rest). The delay in this case is even less egregious given the heightened level of security at the prison following

rioting.  Furthermore, the plaintiff admittedly suffered no permanent or serious adverse affects from the delayed snack.  In Eighth Amendment terms, he has suffered no substantial harm. *Mendoza*, 989 F.2d at 195.

## Respondeat Superior

The plaintiff named Bobby Phillips, Damon Hininger, Lucibeth Mayberry, Brian Collins and Jimmy Turner as defendants based solely upon their positions as corporate officers.  The plaintiff does not allege these defendants had any personal involvement in any of the events or facts giving rise to his claims.  It is well settled that a state actor cannot be liable absent any personal involvement in the events which gave rise to the civil action.  *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions).  Therefore, defendants Bobby Phillips, Damon Hininger, Lucibeth Mayberry, Brian Collins and Jimmy Turner will be dismissed**.**  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

## Conclusion

It is the recommendation of the undersigned, therefore, that defendants Bobby Phillips, Damon Hininger, Lucibeth Mayberry, Brian Collins and Jimmy Turner be dismissed; and, that the plaintiff's claim regarding denial and delayed medical treatment be dismissed.   The only claim remaining will be the plaintiff's claim of retaliation lodged against defendants Strong and Horton.  Process shall issue for defendants Strong and Horton.

## Objections

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging

on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 13th day of July, 2011.

 /s/ David Sanders_____
UNITED STATES MAGISTRATE JUDGE